# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| WARREN EASTERLING, | ) | CASE NO. 3:19 CV 112 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| DONALD TRUMP, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Michael R. Merz. Although the Court notified Plaintiff nine separate times that he failed to perfect service on the Defendants (ECF Nos. 12, 19, 23, 25, 27, 29, 31, 33, and 38), Plaintiff failed to correct the deficiencies. The Report and Recommendation (ECF No. 40), submitted on July 16, 2019, is hereby ADOPTED by this Court. As such, Plaintiff's Complaint (ECF No.1) is DISMISSED.

## Procedural and Factual Background

This case was filed on April 16, 2019 against President Donald Trump and eight Judges of the United States District Court for the Southern District of Ohio. After Plaintiff submitted three returned summonses as proof of service, United States District Court Magistrate Judge Michael R. Merz issued his first Order expressing concern that the summonses did not evidence proper service on the Defendants. Specifically, Magistrate Judge Merz listed three deficiencies:

1. The Plaintiff listed himself as the person making service. Rule 4

requires service to be made by someone who is not a party to the case.

2. The Federal Civil Procedure Rules do not provide for service by certified mail. They do, however, incorporate the rules from the forum State, in this case Ohio. Ohio Civil Procedure Rule 4.2 provides for service by certified mail but only if it is done by the Clerk of Court. The Clerk's office did not send the certified mail.

3. Under the Ohio Rules, if certified mail is refused, the Plaintiff may request that the Clerk's Office serve the Complaint by regular mail and must prepare for the Clerk's signature a certificate of mailing. That was not done in this case.

(ECF No. 19). He ordered Plaintiff to file a proper proof of service that addresses these concerns.

Plaintiff filed other documents with the Court but did not comply with the Court's Order to file proof of service. On May 21, 2019, the Court issued a Renewed Order to File Proof of Service. (ECF No. 23). Plaintiff responded to this Order by stating, "there is absolutely no reasonable basis for any doubt regarding service being perfected in accordance with Rule 4, except for the magistrate wanting to fabricate a basis for a fraudulent dismissal." (ECF No. 24). He asserted that he had attached a copy of the signed green cards from the United States Postal Service which he previously filed with the Clerk's Office and that these cards were proof of service. (ECF No. 24).

The Court addressed Plaintiff's response, rejecting his explanation and stated:

1. Plaintiff did not attach copies of the green cards to his Response as he indicated.

2. Rule 4(l)(1) provides that proof of service must be made by the server's affidavit. No affidavit was provided. Returned summonses suggest Plaintiff performed service. A party to an action cannot personally carry out service.

3. The green cards, alone, do not prove service was done properly. In this case, service by certified mail will only be effective if it is done by the Clerk of Court. The Deputy Court Clerks confirm that they have not been asked to perform service, they have not been

> provided documents or envelopes for service and have not attempted service of process by certified mail in this case.

(ECF No. 25). The Court notified Plaintiff that the former Order remained in effect. Plaintiff responded to that Order by stating that he was unable to prove he provided envelopes to the Clerk's Office because the envelopes were mailed, and the Magistrate Judge's suspicion was immaterial as the green cards were proof of service. (ECF No. 26).

The Magistrate Judge issued a Decision in reply to Plaintiff's Second Purported Response stating once again:

> (1) The person performing service did not file an affidavit;
>
> (2) Green cards do not demonstrate service was perfected. Service by certified mail must be sent by the Clerk's Office; and
>
> (3) The Deputy Clerks all deny sending certified mail service for Plaintiff.

(ECF No. 27). Magistrate Judge Merz reminded Plaintiff that the 90 day limit to prefect service of the Complaint on the Defendants would expire on July 15, 2019.

Plaintiff responded to this Order by claiming the Magistrate Judge was acting beyond the scope of his official duties by interviewing Court Clerks and investigating service when there was no Motion before the Court challenging service. (ECF No. 28). The Court in turn issued yet another Order detailing the defects in service and ordering Plaintiff to correct them before July 15, 2019. (ECF No. 29).

On June 24, 2019, Plaintiff filed an Affidavit of Service of Process. (ECF No. 30). In its entirety, it states:

> In accordance with Rule 4 all Defendants have received a separate summons form and a copy of the complaint and associated motion(s)

> addressed to the place of abode via United States Postal Service certified mail as provided by the signed green cards return[ed] to the clerk of courts.

(ECF No. 30). The Magistrate Judge replied to the Affidavit with his fifth Order, reiterating:

> (1) Plaintiff could not serve the Defendants himself because he is a party to the case, and Plaintiff signed the Affidavit attesting to service;
>
> (2) Plaintiff could not testify to what the Defendants received as he had no knowledge of that; and
>
> (3) Plaintiff did not serve the Defendants at their place of abode as he testified in his Affidavit. The addresses listed on the summonses were their office addresses.

(ECF No. 31).

Plaintiff responded to the Order arguing that Ohio Civil Procedure Rule 4.1A allows service by certified mail. He contended that President Trump is responsible for the Justice Department and therefore has attorneys that work on his behalf. Plaintiff indicated he mailed President Trump's documents to the United States Attorney's Office "where one of his attorneys would be authorized to receive the complaint." (ECF No 32). He further states the other Defendants "were served at their residence or usual place of abode...home addresses never have to be used." (ECF No. 32).

For the sixth time, Magistrate Judge Merz reminded Plaintiff that under Ohio Rule 4.1A, only the Clerk's Office could serve the Defendants by certified mail and under no circumstances could Plaintiff, as a party to the case, serve the Defendants. The Court also indicated the address at which Plaintiff stated he served the United States Attorney for the Southern District of Ohio is incorrect. It is actually a parking lot between St. Clair and Kenton Streets. (ECF No. 33). Plaintiff then filed a summons addressed to President Trump "c/o Attorn Gen. Barr 950 Pennsylvania Ave., NW,

Washington D.C. 20530." (ECF No. 34).

On July 9, 2019, Plaintiff filed another Response to the Magistrate Judge. (ECF No. 35). He cited Federal Civil Procedure Rule 4 (I)(1)(C) allowing service by certified mail on an employee or officer of the United States if the action challenges an order of a nonparty agency or officer of the United States. He reasons that service against each judge was perfected under subsection (C) because he served them by certified mail at their place of employment.

The Court once again struck the Response stating:

> (1) certified mail service under the Ohio Rules of Civil Procedure can only be done by the Clerk of Court and the Southern District of Ohio has a local rule that addresses how that must happen;
>
> (2) to serve judges in their individual capacities, Plaintiff must serve the judge as provided in Rule 4(e) and must serve the United States as provided in Rule 4(i)(3); and
>
> (3) service must be made by someone who is not a party to the case.

(ECF No. 38). Plaintiff filed his Response to Service of Process asserting that his attempts at service were adequate. (ECF No. 39).

On July 16, 2019, Magistrate Judge Merz issued his Report and Recommendation that this action be dismissed without prejudice for failure to perfect service pursuant to Rule 4(m). Plaintiff filed his Objections to the Magistrate's Report and Recommendation on July 22, 2019. (ECF #13). This matter is now ripe for review.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate's Report and Recommendation depends upon whether objections were made to that report. When objections are

made to a Report and Recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides this standard of review. It states, in pertinent part, the following:

> The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

However, "when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citations omitted).

The U.S. Supreme Court stated: "It does not appear that Congress intended to require district court review of magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to these findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). As Plaintiff has filed an Objection, this Court reviews the Report and Recommendation *de novo*.

**Discussion**

The Court has carefully reviewed the Report and Recommendation and agrees with the findings set forth therein. The Defendants in this case are all Federal Government Officials. Plaintiff has stated in multiple filings that he is bringing his claims against them in their individual capacities. Federal Civil Procedure Rule 4(i)(3) addresses service on United States Government Officials sued in their individual capacities and requires Plaintiff to serve <u>BOTH</u> the United States and also the individual Official. The United States is served by delivering a copy of the Summons and the Complaint to the United States Attorney for the District in which the case is filed, and to the United

States Attorney General. FED. R. CIV. P. 4(i)(1)(A) and (B). The individual official is served by (1) following Ohio Civil Procedure Rules for serving for serving a summons in an action; (2) delivering a copy of the summons and Complaint to the official personally; (3) leaving a copy at the official's residence with a person of suitable age that resides there; or (4) delivering a copy to an agent who is designated by law to accept service. FED. R. CIV. P. 4(e). The Federal Rules do not provide for service on an individual Official by certified mail. As stated above, the Federal Rules do allow service on an individual in accordance with the Ohio Rules of Civil Procedure, and the Ohio Rules permit service on an individual by certified mail but it must be done by the Clerk of Court. OHIO R. CIV. P. 4.1(A). The Southern District of Ohio has a local rule that provides how litigants can request that type of service from the Clerk's Office. Finally, the Federal Civil Procedure Rules govern not only how service must be made, but also restricts by whom service can be made to a person who is at least 18 years of age and who is not a party to the case. FED. R. CIV. P. 4(c)(2).

Plaintiff has not filed anything with this Court that reasonably suggests someone who is not a party to this case served the United States Attorney for the Southern District of Ohio, the United States Attorney General, and each individual Defendant in the manner prescribed by Federal Rule 4(e) and Ohio Rule 4.1(A). Furthermore, service by certified mail on an individual Defendant can only be made by the Clerk of Court. Plaintiff was notified of these defects early in this case and with more than sufficient time to remedy the defect. In fact, he was notified nine times of the defects and repeatedly refused to correct them. After a *de novo* review of the record and Plaintiff's Objection, the Court ADOPTS the Report and Recommendation of Magistrate Judge Merz. (ECF No. 40).

### Conclusion

Accordingly, this action is dismissed without prejudice pursuant to Federal Civil Procedure

Rule 4(m). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1] Since the filing of this case, Plaintiff was declared to be a vexatious litigator and the Court placed restrictions on his ability to file new cases. *See Easterling v. Rice*, No. 2:19 CV 469 (S.D. Ohio Mar. 25, 2019). Plaintiff is cautioned that although the dismissal in this case is without prejudice, the vexatious litigator filing restrictions will apply to any future action Plaintiff may attempt to bring in connection with this case.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: August 5, 2019

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.